IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01259-LTB-KLM (Consolidated with 12-cv-01805-LTB)

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

JSM BUILDERS, INC., a Colorado corporation, and
CHADWICK PLACE AT STEAMBOAT HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,

    Defendants.

_____

CHADWICK PLACE AT STEAMBOAT HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

CHADWICK PLACE, LLC,
RICHARD A FRIEDMAN, individually,
RAF, LLC,
JSM BUILDERS, INC.,
JEREMY S. MACGRAY, individually,
SOUND CONSTRUCTION, INC.,
ROGER KAROLEWSKI, individually,
KJC, INC.,
KIRK JONES CONSTRUCTION, INC.,
KIRK JONES, individually,
PITT ROOFING AND CONSTRUCTION, INC., and
ERIC SMITH ASSOCIATES, P.C.,

    Defendants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Garnishee.

___

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Chadwick Place at Steamboat Homeowner's Association, Inc.'s Response to Order to Show Cause** [#46][1] (the "Response"). On September 13, 2013, the Court issued an Order to Show Cause [#38] to Plaintiff Chadwick Place at Steamboat Homeowners Association, Inc. ("Chadwick Place, Inc.") with respect to why Defendants Chadwick Place, LLC; Richard A. Friedman; RAF LLC; Jeremy S. MacGray; Sounds Construction, Inc.; Roger Karolewski; KJC. Inc.; Kirk Jones Construction, Inc.; Kirk Jones; Pitt Roofing & Construction, Inc.; and Eric Smith Associates, P.C. (the "Unserved Defendants") have not been served with Summonses and the operative Complaint in this action.

In the Response, Plaintiff Chadwick Place, Inc. states that it has no objection to dismissal of the Unserved Defendants who "are not parties to this action." *Response* [#46] at 2. Accordingly,

IT IS HEREBY **ORDERED** that the obligations stated in the Order to Show Cause issued September 13, 2013 [#38] are **DISCHARGED**.

IT IS FURTHER **RECOMMENDED** that the Unserved Defendants be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

---

[1] "[#46]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 15, 2013

BY THE COURT:

*(signature)*

Kristen L. Mix
United States Magistrate Judge

3