IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01259-LTB-KLM (Consolidated with 12-cv-01805-LTB)

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

JSM BUILDERS, INC., a Colorado corporation, and
CHADWICK PLACE AT STEAMBOAT HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,

    Defendants.
_____

CHADWICK PLACE AT STEAMBOAT HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Garnishee.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff/Garnishee's ("American Family") **Motion for Summary Judgment** [#33][1] (the "Motion") and **Chadwick Place at Steamboat's Summary Judgment Motion Pursuant to F.R.C.P. 56(a) With Incorporated Brief in**

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

**Support Thereof** [#34] (the "Chadwick Place Motion" and, collectively with the Motion, the "Motions"). Defendant/Garnishor Chadwick Place at Steamboat Homeowner's Association ("Chadwick Place") filed a Response [#45] to the Motion and American Family filed a Reply [#55] in further support of the Motion. American Family filed a Response to the Chadwick Place Motion [#44] and Chadwick Place filed a Reply [#54] in further support of the Chadwick Place Motion. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motions have been referred to this Court for a recommendation regarding disposition [#35]. The Court has reviewed the Motions, the Responses, the Replys, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#33] be **GRANTED** and the Chadwick Place Motion [#34] be **DENIED as moot**.

## I. Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Summary of the Case

### A.   Procedural Background

This consolidated dispute is about whether American Family must indemnify Defendant JSM Builders, Inc. ("JSM Builders") for the amount JSM Builders was found to be liable for in a state court proceeding. The lead case, 12-cv-01259, was initiated on May 14, 2012 when American Family filed its Complaint for Declaratory Judgment [#1], asking the Court to "determine the rights, status or other legal relations of the parties . . . ." *Compl.* [#1] at 4. Chadwick Place filed an Answer requesting "entry of judgment in its favor declaring that the insurance policies at issue provide coverage up to and including policy

limits for all amounts for which Defendant JSM Builders Inc. is legally liable to [Chadwick Place] and, for an award of costs and attorney's fee as may be allowed by law." *Answer* [#10] at 3. JSM Builders has not appeared in this action and the Clerk of the Court entered default against JSM Builders on July 12, 2012 [#14]. The lead case was consolidated with 12-cv-01805, which was removed from state court as a post-judgment writ of garnishment action, on October 1, 2012 [#19]. *See Notice of Removal* [#1] at 3, filed in 12-cv-01805. In that case, Chadwick Place "issued a Writ of Garnishment as to . . . JSM Builders, Inc. against American Family in the District Court, Routt County, Colorado," which it seeks to enforce in this Court. *Id.* at 2.

**B.     The State Court Action**

The state court action involved a residential community located in Steamboat Springs, Colorado. *See Third Amended Complaint and Jury Demand* [#2] ¶ 1. In that action, Chadwick Place brought suit against a variety of entities and individuals allegedly involved in the construction of the residential community, including JSM Builders. *Id.* ¶¶ 4-19. It is undisputed that American Family agreed to defend JSM Builders under a reservation of rights and that it paid for independent defense counsel to represent JSM Builders in the state court action. *Motion* [#33] at 2; *Response* [#45] at 3.

At the conclusion of the state court action, a jury found for Chadwick Place in the amount of $557,000 but also found that JSM Builders was only 18% liable and, therefore, awarded Chadwick Place $100,260 against JSM Builders. *Motion* [#33] at 2. The jury verdict led to the instant litigation.

**C.     The Motion**

In the Motion, American Family offers five alternative arguments to support its

3

position that it does not have a duty to indemnify JSM Builders.  First, American Family argues that JSM Builders is not an insured under the policies at issue.  *Id.* at 3, 12-14.  Second, American Family maintains that the state court action involved damages to repair defective construction and that the applicable policy does not cover defective construction.  *Id.* at 3, 14-22.  Third, American Family avers that coverage is barred by exclusions.  *Id.* at 3, 27-36.  Fourth, American Family argues that because the "verdict did not specify which of the over 30 defects claimed by the HOA it was awarding damages to repair," Chadwick Place cannot meet its burden of proving that the award was for a covered loss.  *Id.* at 3, 24-26.  Finally, American Family maintains that under the language of the policy and the facts of the case, "the only possible coverage is for damages occurring between July 30, 2007 and November 13, 2007."  *Id.* at 4, 22-24.

In the Response, Chadwick Place argues that, based on American Family's actions, it "should be estopped at this point from attempting to claim that JSM Builders is not its insured."  *Response* [#45] at 4.  It further argues that the jury award in the state court action was based on an "occurrence" under the language of the applicable policy.  *Id.* at 4-8.  Chadwick Place maintains that the jury verdict included actual resultant damages, not just damages for the repair of construction defects.  *Id.* at 8-9.  In addition, Chadwick Place maintains that JSM Builder's work as a construction manager also resulted in liability in the state court action.  *Id.* at 9-13.  Chadwick Place further argues that even if one assumes that only the policy covering November 13, 2006 to November 13, 2007 applied, that policy would still cover the entire damages amount.  *Id.* at 13-14.  Finally, Chadwick Place avers that "American Family cannot meet its burden to prove that any policy exclusions are applicable."  *Id.* at 14.

In its Reply, American Family lists facts it deems relevant and "unrefuted" by Chadwick Place. *Reply* [#55] at 2-3. American Family then offers three arguments in favor of summary judgment. First, American Family argues that Chadwick Place "fails to refute with admissible evidence that the named insured in the at-issue contracts is JSM Corp., not JSM Builders, Inc." and that "[t]herefore, there can be no coverage for a verdict against JSM Builders, Inc." *Id.* at 1-2, 5-9. Second, American Family argues that Chadwick Place "fails to come forth with admissible evidence of any specific resultant damage to otherwise non-defective property for which the jury awarded damages or to come forth with admissible evidence as to when any awarded damages occurred." *Id.* at 2, 9-16. Finally, American Family maintains that Chadwick Place "failed to show that exclusion (l) does not preclude coverage." *Id.* at 2, 16-21.

**D.     The Chadwick Place Motion**

In the Chadwick Place Motion, Chadwick Place argues that it is the proper party to pursue this garnishment action because "[o]nce an injured party has reduced its claim to judgment, that party is subrogated to the rights of the policyholder against the insured, and the injured party may sue either as a subrogee or in a garnishment action." *Chadwick Place Motion* [#34] at 7. The remainder of the Chadwick Place Motion repeats the arguments included in the Response [#45]. Ultimately, Chadwick Place asks the Court to "enter judgment in favor of Chadwick [Place] and against American Family for the Judgment amounts of $100,260 in principal, costs of $133,329.34 and interest of $27,703.09 to June 13, 2012 . . . plus post-judgment interest of $26,057.85 through September 11, 2013, and a continuing $57.27 per diem thereafter until paid, compounded annually." *Id.* at 23. The Response to the Chadwick Place Motion and the Reply thereto

5

offer arguments identical to those offered by the parties in their briefing of the Motion. Accordingly, the Court does not summarize them here.

### III.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his

pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

### IV. Undisputed Material Facts

- American Family issued a commercial general liability policy to "JSM Corp" effective from November 13, 2006 to November 13, 2007, policy number 05 XB2029-03. *Motion, Ex. A* [#36] (the "Policy")[2] at 9; *Motion* [#33] at 4; *Response* [#45] at 4.

- The named insured on the Policy is JSM Corp. *Policy* [#36] at 9.

- The Policy was renewed effective from November 13, 2007 to November 13, 2008. *Motion, Ex. B* [#37] (the "Renewal") at 8; *Motion* [#33] at 4; *Chadwick Place Motion* [#34] at 4.

- On December 31, 2008, Chadwick Place brought suit against JSM Builders, among others, in state court. *See generally Motion, Ex. C* [#37-1]; *Motion* [#33] at 4.

- By letter dated October 6, 2011, American Family agreed to defend JSM Builders under a reservation of rights. *See generally Motion, Ex. D* [#37-2] (the "Letter");

---

[2] The Policy was filed in sections at [##36, 36-1, 36-2, 36-3, 36-4]. The Court uses "the Policy" to refer to the entire document.

> *Motion* [#33] at 4; *Response* [#45] at 3.

- Among other things, the Letter states:

  > The policy issued to JSM Corp. by the Company provides coverage pursuant to certain terms, definitions, exclusions and conditions. The remainder of this letter will set forth certain provisions upon which we may rely in determining coverage for the claims being asserted against you by [Chadwick Place]. A copy of your policy is enclosed for your reference.
  >
  > The Complaint asserts claims against JSM Builders, Inc. However, your policy was issued to "JSM Corp.". There is no coverage for "JSM Builders, Inc."—if you believe this was a mistake, please contact me immediately for clarification.

  *Letter* [#37-2] at 2-3.

- The jury in the state court action returned a verdict against JSM Builders in the amount of $100,260 and the state court entered final judgment against JSM Builders in that amount. *Motion, Ex. F* [#37-4] at 1.

### V. Analysis

**A.   Applicable Principles of Colorado Insurance Law**

   **1. Contract Construction**

The parties agree that Colorado law applies. "Under Colorado law, an insurance policy is construed according to principles of contract interpretation." *Greystone Const., Inc. v. Nat'l Fire & Marine Ins. Co.*, 2013 WL 1324600, *3 (D. Colo. Mar. 21, 2013) ("*Greystone I*") (citing *Thompson v. Md. Cas. Co.,* 84 P.3d 496, 502 (Colo. 2004)). "The policy's language must be given the plain meaning of the words used, unless there is an indication by the parties of a mutual intent that an idiosyncratic meaning would apply." *Id.* Further, the Court must view the policy as a whole, "giving effect to all provisions." *Id.* In addition, in a dispute regarding an insurance policy, "[b]ecause of the 'unique nature of

insurance contracts and the relationship between the insurer and insured' ambiguous provisions are construed against the insurer and in favor of providing coverage to the insured." *Id.* (quoting *Cyrus Amax Minerals Co. v. Lexington Ins. Co.,* 74 P.3d 294, 299 (Colo. 2003)). Coverage exclusions are also construed against the insurer. *See Worsham Constr. Co. v. Reliance Ins. Co.,* 687 P.2d 988, 990 (Colo. App. 1984). "To benefit from an exclusionary provision in a particular contract of insurance, the insurer must establish that the exemption claimed applies in the particular case and that the exclusions are not subject to any other reasonable interpretations." *Am. Family Mut. Ins. Co. v. Johnson,* 816 P.2d 952, 953 (Colo. 1991).

### 2. The Duty to Defend

"In Colorado, the duty of an insurer to defend its insured is distinct from its duty to indemnify the insured." *Greystone I*, 2013 WL 1324600, at *3 (citing *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 613-14 (Colo. 1999)). The duty to defend is the "insurance company's duty to affirmatively defend its insured against pending claims." *Constitution Assoc. v. N.H. Ins. Co.,* 930 P.2d 556, 563 (Colo. 1996). "When an insurer refuses to defend in an underlying suit, and the insured brings an action for defense costs, the duty to defend is determined by application of the complaint rule." *Greystone I*, 2013 WL 1324600, at *3 (citing *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.,* 90 P.3d 814, 828 (Colo.2004)). The complaint rule limits the Court to "examination of solely the policy and the complaint." *Pompa v. Am. Fam. Mut. Ins. Co.*, 520 F.3d 1139, 1145 (D. Colo. 2008). Under the complaint rule, "a duty to defend arises when the underlying complaint alleges any facts that might fall within the coverage of the policy." *Greystone I*, 2013 WL 1324600, at *3 (citing *Hecla Mining Co. v. New Hampshire Ins. Co.,* 811 P.2d 1083, 1089 (Colo.

1991)). "Where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim." *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 661 F.3d 1272, 1284 (10th Cir. 2011) ("*Greystone II*") (quoting *Compass Ins. Co.*, 984 P.2d at 613-14). When applying the complaint rule, "[t]he insured's actual liability is not considered. Instead, the duty to defend arises where the allegations in the complaint, if sustained, would impose a liability covered by the policy." *Greystone I*, 2013 WL 1324600, at *3.

When analyzing the underlying complaint, the court should be mindful that "[t]he insured need only show that the claim alleged in the underlying complaint *could* fall within policy coverage; the insurer must prove that it *could not.*" *Greystone I*, 2013 WL 1324600, at *4 (citing *Compass Ins. Co.*, 984 P.2d at 614). "An insurer seeking to avoid its duty to defend an insured bears a heavy burden. It is not excused from its duty unless there is no factual or legal basis on which the insurer might eventually be held liable to indemnify the insured." *Id.* (citing *Hecla,* 811 P.2d at 1089-90). "Furthermore, coverage provisions in an insurance contract are to be liberally construed in favor of the insured to provide the broadest possible coverage." *Fire Ins. Exchange v. Bentley*, 953 P.2d 1297, 1300 (Colo. App. 1998) (citation omitted).

### 3. The Duty to Indemnify

The duty to indemnify relates to the insurer's duty to satisfy a judgment entered against the insured and is narrower than the duty to defend. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003) (citing *Hecla*, 811 P.2d at 1086 n.5).

"Because the duty to defend encompasses any potential claims raised by the facts and the duty to indemnify relates to the actual liability imposed," the Supreme Court of Colorado considers "the duty to defend to be a broader concept than the duty to indemnify." *Id.* "The duty to indemnify arises only when the policy actually covers the harm and typically cannot be determined until the resolution of the underlying claims." *Id.* (citations omitted).

**B.      JSM Builders is Not an Insured**

Here, American Family contends that it does not have a duty to indemnify JSM Builders because the insured was JSM Corp, not JSM Builders. *Motion* [#33] at 3, 12-14. As noted above, the Policy identifies "JSM Corp" as the insured. *Policy* [#36] at 9; *Renewal* [#37] at 8. In the section of the Policy titled "who is an insured," the Policy states: "The word 'insured' means any person or organization qualifying as such under Section II - Who is An Insured." *Policy* [#36-2] at 4; *Renewal* [#37] at 23. Section II states:

1. If you are designated in the Declarations as:

. . .

>   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

. . .

3. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

>   a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier.

*Policy* [#36-3] at 1-2; *Renewal* [#37] at 28-29.  Regarding coverage, the Policy states: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  *Policy* [#36-2] at 4; *Renewal* [#37] at 23.  The Policy also provides coverage for amounts "the insured becomes legally obligated to pay as damages because of 'personal and advertising injury'" and medical expenses.  *Policy* [#36-2] at 7-8; *Renewal* [#37] at 26-28.

The Policy does not name JSM Builders as an insured and neither party offers any information or argument regarding whether JSM Builders was a newly acquired or formed organization that would qualify as an insured pursuant to Section II(3)(a) of the Policy. Accordingly, based on the unambiguous, "plain meaning of the words used," *Greystone I*, 2013 WL 1324600, at *3, in the Policy, the Court must conclude that JSM Builders is not an insured under the Policy.

Chadwick Place argues that "American Family should be estopped at this point from attempting to claim that JSM Builders is not its insured."  *Response* [#45] at 4.  However, Chadwick Place's argument would undermine the law of this state, which requires insurers to defend claims even in situations when the insurers believe they may ultimately not have a duty to indemnify the insureds.  Specifically, "[t]he appropriate course of action for an insurer who believes that it is under no obligation to defend, is to provide a defense to the insured under a reservation of its rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the policy, or to file a declaratory judgment action after the underlying case has been adjudicated."  *Hecla*, 811 P.2d at 1089.  That is exactly what American Family did in this case.  To estop American Family from taking the position that it does not have a duty to indemnify simply because it

followed the law would disincentivize insurance companies from providing a defense in cases where they would otherwise defend under a reservation of rights.  Further, Chadwick Place's argument would require the Court to "create[ ] liability where none exist[s] under the policy."  *Compass Ins. Co.*, 984 P.2d at 620 (quoting *Empire Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 764 P.2d 1191, 1198 (Colo. 1988)) (additional citation omitted).  The Court will not do so.  Accordingly, the Court finds that JSM Builders is not an insured under the Policy.

The jury verdict for which Chadwick Place seeks indemnification was entered against JSM Builders, not JSM Corp.  Because JSM Builders was not an insured under the Policy, the Court also finds that American Family is not obligated to indemnify JSM Builders for the judgment entered against it in the state court action.  Therefore, the Court respectfully **recommends** that the Motion [#33] be **granted** and **judgment enter** in favor of American Family.

Because the Court recommends that the Motion be granted on this ground, it does not address the remaining arguments raised in the Motion.  Similarly, because the Chadwick Place Motion asks the Court to "enter judgment in favor of Chadwick [Place] and against American Family for the Judgment amounts of $100,260 in principal, costs or $133,329.34 and interest of $27,703.09 to June 13, 2012 . . . plus post-judgment interest of $26,057.85 through September 11, 2013, and a continuing $57.27 per diem thereafter until paid, compounded annually,"  *Chadwick Place Motion* [#34] at 23, and the Court's analysis above concludes that judgment should enter in favor of American Family, the Court respectfully **recommends** that the Chadwick Place Motion [#34] be **denied as moot**.

Case 1:12-cv-01259-LTB-KLM Document 59 Filed 06/27/14 USDC Colorado Page 14 of 14

### VI. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that American Family's Motion [#33] be **GRANTED** and that summary judgment enter in favor of American Family.

IT IS FURTHER respectfully **RECOMMENDED** that Chadwick Place's Motion [#34] be **DENIED as moot**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 27, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge